UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| VALLARIE STEVENSON, | } |
| Plaintiff, | } |
| v. | } CASE NO. CV 00-B-2052-S |
| PEMCO AEROPLEX, INC., | } |
| Defendant. | } |

ENTERED
JUN 2 6 2001

## MEMORANDUM OPINION

This matter is before the court on defendant's unopposed Motion for Summary Judgment. Upon consideration of the record, the submissions of defendant, and the relevant law, the court is of the opinion that defendant's Motion is due to be granted.

In this suit, plaintiff alleges that she has been retaliated against for exercising her rights under Title VII when she brought suit against the defendant for sexual harassment and won a substantial judgment. Plaintiff further alleges that after being awarded a substantial judgment, defendant refused to permit her to return to work and has continued to refuse to permit her to return to work.

On May 1, 2001, defendant filed the Motion for Summary Judgment presently before the court. On May 23, 2001, the court entered an Order directing plaintiff to submit any opposition to defendant's Motion for Summary Judgment on or before June 22, 2001. Having received no opposition from plaintiff, this matter is now ripe for decision.

Under Fed. R. Civ. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that

there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The movant can meet this burden by presenting evidence showing that there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of her case on which she bears the ultimate burden of proof. *Celotex,* 477 U.S. at 322-23; *see* Fed. R. Civ. P. 56(a) and (b). Once the moving party has met its burden, Rule 56(e) provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Thus, although a court may not grant a motion for summary judgment simply because the motion goes unopposed, it may do so if summary judgment is otherwise appropriate.

Applying the standards governing summary judgment to the facts of this case, the court concludes that there is no genuine issue as to any material fact, and defendant is entitled to a judgment as a matter of law. Plaintiff has not come forward with **any** evidence, much less evidence showing a dispute as to any factual contention of her Complaint. Thus, plaintiff has not only failed to meet her burden "to go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial,'" *Celotex,* 477 U.S. at 324, but also, and most importantly, the facts and law applicable to this case warrant granting of summary judgment for defendant. Consequently, the court is of the opinion that defendant's Motion for Summary

Judgment is due to be granted. An order granting defendant's Motion for Summary Judgment will be entered contemporaneously with this Opinion.

**DONE** this 26th day of June, 2001.

*Sharon Lovelace Blackburn*
**SHARON LOVELACE BLACKBURN**
United States District Judge